**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Karen Higginbotham-Dickens,     ) | |
| ) | |
| ) | Civil Action No. 6:18-cv-01683-JMC |
| Plaintiff,     ) | |
| ) | **ORDER** |
| v.     ) | |
| ) | |
| Andrew M. Saul, Commissioner of Social     ) | |
| Security Administration, [1]     ) | |
| ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 22), filed on June 17, 2019, recommending that Commissioner Andrew M. Saul's ("the Commissioner") decision denying Plaintiff Karen Higginbotham-Dicken's ("Plaintiff") claim for disability insurance benefits ("DIB") be reversed under sentence four of 42 U.S.C. § 405(g) and remanded for further proceedings. (*Id.* at 20.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF. No 22), incorporating it herein, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

---

[1] On June 17, 2019, Andrew M. Saul, became the Commissioner of Social Security Administration. *See* Jim Borland, *Social Security Welcomes its New Commissioner*, SOC. SEC. ADMIN.: BLOG (June 17, 2019), https://blog.ssa.gov/social-security-welcomes-its-new-commissioner/. Thus, Andrew M. Saul is automatically substituted as a party in the instant matter. *See* FED. R. CIV. P. 25(d) ("The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded."). The court directs the Clerk of Court for the United States District Court for the District of South Carolina to substitute Andrew M. Saul as the Commissioner of Social Security Administration for all pending social security cases.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 22.) As a brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on May 31, 2013, and denied Plaintiff's claim for DIB. (*Id.* at 2.) The Appeals Council denied Plaintiff's request for review on June 30, 2015. (*Id.*) Thus, the ALJ's decision then became the final decision of the Commissioner (*Id.*) *See also Meyer v. Astrue*, 662 F. 3d 700, 704 (4th Cir. 2011). Plaintiff filed her original Complaint in United States District Court for the District of South Carolina on September 3, 2014. (ECF No. 22 at 2.) The case was remanded to the Commissioner for further review on January 15, 2016. *See Higginbotham-Dickens v. Comm'r Soc. Sec. Admin.*, C/A No. 6:14-cv-03528-JMC, 2016 WL 199426, at *1 (D.S.C. Jan. 15, 2016). A second administrative hearing was held on November 1, 2016. (ECF No. 22.) On February 27, 2017, the ALJ again found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Act. (*Id.*) The ALJ's finding became the final decision of the Commissioner when the Appeals Council again denied Plaintiff's request for review on April 18, 2018. (*Id.*) Plaintiff then filed the instant action on June 18, 2018. (ECF No. 1.)

The ALJ concluded that although Plaintiff suffered from severe impairments, including chronic migraines, asthma, recurrent balance deficit, and fatigue, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (ECF No. 22 at 3.) In addition, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), with additional limitations that she could not stand or walk for more than an aggregate of two (2) hours and could no more than occasionally

stoop, twist, balance, crouch, kneel, and climb stairs or ramps. (*Id.*) The ALJ noted that Plaintiff required a cane or rollator walker for ambulation (*Id.*) Furthermore, the ALJ determined that Plaintiff was able to perform past relevant work as a patient representative, and this work did not require the performance of work-related activities precluded by the claimant's RFC. (*Id.* at 3.)

In the Report, the Magistrate Judge reasoned that the ALJ's treatment of the VA's disability determination failed to include the appropriate evaluation as ordered by the court on January 15, 2016. (*Id.* at 18.) Specifically, the Magistrate Judge found that it is "unclear that the ALJ applied *Bird* in evaluating Plaintiff's VA rating as he neither references *Bird* nor indicates that he recognized that a VA rating must be afforded substantial weight *unless* the record clearly demonstrates that such a deviation is appropriate." (*Id.*) *See also Bird v. Comm'r Soc. Sec. Admin.*, 699 F.3d 337 (4th Cir. 2012) (stating that a disability rating by either the VA or SSA is highly relevant to the disability determination of the other agency). Furthermore, the Magistrate Judge determined that the presumption of substantial weight was not sufficiently rebutted by the ALJ and that the ALJ did not perform his duty under *Bird* to indicate what portions of the record clearly indicated that deviation from the VA's determination is appropriate. (*Id.* at 18–19.) The Magistrate Judge noted that in recommending remand, he does not suggest that the ALJ must provide substantial weight to the VA's rating, but in order to deviate from providing substantial weight the "ALJ is required to provide explanation for the deviation from the record." (*Id.* at 20.) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case with instructions to the ALJ to follow the specific method for weighing VA disability ratings as prescribed in *Bird.* (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report on June 17, 2019. (ECF No. 22.) Objections to the Report were due by July 1, 2019. (*Id.*) On June 27,

2019, the Commissioner notified the court that he would not object to the Magistrate Judge's Report. (ECF No. 24 at 1.) Plaintiff has not filed any objection to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The responsibility to make a final determination remains with this court. *Id*. at 271. As such, the court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F. 3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). The court concludes that the Magistrate

Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 22.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F. 2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

July 22, 2019
Columbia, South Carolina